Argued April 5, affirmed May 25, 1966

# BLAND ET UX *v.* THE ALSEA BAY PORT COMMISSION ET AL
### 414 P. 2d 814

*Dan W. Poling* and *James H. Lewelling,* Newport, argued the cause and filed a brief for appellants.

*W. T. Hollen,* Newport, argued the cause for

respondents. With him on the brief was Gordon L. Macpherson, Toledo.

Before McAllister, Chief Justice, and Perry, Goodwin, Denecke and Schwab, Justices.

GOODWIN, J.

Plaintiffs, who claim under a chain of title derived from a patent issued by the United States in 1884, appeal from a decree which quieted the title in the defendant port commission to certain tide and overflow lands in Alsea Bay adjacent to the land of the plaintiffs. The port commission claims title under a statute first enacted in 1874 granting certain tide and overflow lands to the Willamette Valley and Coast Railroad.

Between 1874 and 1885 the railroad failed strictly to perform all the conditions of its grant under the 1874 statute. Meanwhile, the United States had issued a patent covering certain described lands to one David Ruble.[1]

The controlling statute in this case is an amendment to the 1874 act, adopted in 1885. The pivotal language reads:

"*Provided,* That neither this act, nor the act to which this is amendatory, shall in any instance be construed so as to vest any title in said Willamette Valley and Coast Railroad company to any lands of whatever nature within the limits of said grant, hereby confirmed to said company, for which a patent, or certificate for a patent, has been issued by the United States, or this state,

[1] The legal description in the patent was by government lot and subdivision. It is agreed that the legal description would, if surveyed, include all or part of the disputed tidelands. There is no boundary question in this case.

to any person, prior to January 1st, 1885. And any marsh or tide lands belonging to the state of Oregon, which are embraced in the lands covered by patent, or certificate for a patent, from the United States or this state, is hereby released and confirmed by this State to the person or persons holding such patent or certificate thereof. That the tide and overflowed lands in and adjoining the city of Newport, Benton [now Lincoln] county, as herein described, are exempted from the operation of this act, and from the acts to which it is amendatory * * *." Oregon Laws 1885, at 6.

The port commission contends that the quoted proviso could not have vested in Ruble the title claimed for him as patentee because a patent issued by the United States could not, as a matter of law, "embrace" tide and overflow lands which had been reserved by the State of Oregon upon its admission to the Union.

Further, the commission contends, if the quoted statute were to be construed as a general conveyance of land by the state to a class of patentees it would be unconstitutional under Oregon Constitution, Art IV, § 20. That section provides that the subject of every act shall be contained in its title. The title of the act now in question reads as follows:

"AN ACT to re-enact and amend an Act approved October 24, 1874, entitled an Act to provide for the construction of the Willamette Valley and Coast Railroad as amended by the Act approved October 14, 1878, entitled 'An Act to amend an Act entitled an Act to provide for the Construction of the Willamette Valley and Coast railroad, approved October 24, 1874,' and to confirm the Rights of the said Railroad Company under the said Acts."

■ With reference to the commission's first point, it must be conceded that the United States did not, in

1884, have the right to convey to its patentees any of the tidelands in question.

This court has held that the tidelands in question had been conveyed to the railroad in 1874 and that the statute of 1885, a part of which we have quoted, cured any defects in the railroad's title. *Corvallis and Eastern R. Co. v. Benson,* 61 Or 359, 121 P 418 (1912).

If the railroad's title which this court confirmed in *Corvallis and Eastern R. Co. v. Benson,* supra, did not include title to the specific lands involved in this litigation, a question which we need not now decide, the tidelands in question necessarily were, in 1885, the property of the State of Oregon. Under the rule of *Pollard's Lessee v. Hagan et al.,* 44 US (3 How) 212, 11 L Ed 565 (1845), all such tidelands had been reserved by the state upon admission and remained in state ownership until conveyed away. *Anthony et al. v. Veatch et al.,* 189 Or 462, 220 P2d 493, 221 P2d 575 (1950); *State v. McVey,* 168 Or 337, 355, 121 P2d 461, 123 P2d 181 (1942); *Bowlby v. Shively,* 22 Or 410, 30 P 154 (1892), affirmed 152 US 1, 14 S Ct 548, 38 L Ed 331 (1894).

■ If the specific lands now in question were, in 1885, owned by the state, the legislature, by the quoted statute, constitutionally could not have conveyed such lands to the plaintiffs' alleged federal patentees. Oregon Constitution, Art IV, § 20. The title of the act contained nothing to suggest a legislative purpose to convey state-owned lands to federal patentees.

■ Elsewhere in the same statute the legislature purported to convey certain tidelands to the City of Newport. That portion of the statute was held to be fatally defective because the title of the act did not indicate an intent to grant tidelands to the City of New-

port. *Case v. Loftus*, 43 F 839, 841 (CC D Or 1890). While Judge Deady's decision in *Case v. Loftus* is not necessarily binding upon this court, for more than seventy-five years it has been a part of the law governing property transactions in Lincoln County. Reluctant as we may be to strike down, as unconstitutional, an act of the legislature, the reasoning in *Case v. Loftus* applies equally here. The purported conveyance of tidelands to patentees, if such was intended, was void.

Affirmed.